DAVIES, TURNER & CO. *v.* UNITED STATES (No. 900).[1]

COLLECTOR'S CHARGES.

Because of the absence of an invoice, the collector on liquidation charged, under section 2926, Revised Statutes, a certain sum for cartage, labor, and storage incidental to the removal and custody of the importation. The cartage was paid for by the Government, while the other services were rendered by Government employees. The entry was confessedly incomplete, an invoice being necessary, and so it was within the authority of the collector under the section cited to cause the merchandise to be removed at the expense of the owners to a warehouse or storehouse, there to remain until due appraisement was had or, at the option of the owners, the original invoice produced; and this is true though there was only one case of merchandise, valued at less than $100.—Kennedy *v.* Magone (158 U. S., 212).

United States Court of Customs Appeals, December 16, 1912.

APPEAL from Board of United States General Appraisers, Abstract 27999 (T. D. 32346).

[Affirmed.]

*Brown & Gerry* for appellants.
*William L. Wemple,* Assistant Attorney General (*William A. Robertson,* special attorney, of counsel), for the United States.

Before MONTGOMERY, SMITH, BARBER, DE VRIES, and MARTIN, Judges.

MARTIN, Judge, delivered the opinion of the court:

This case does not involve the classification or assessment of imported merchandise. The appellants protested against certain charges which were exacted by the collector for cartage, labor, and storage, under the alleged authority of section 2926 of the Revised Statutes. The board overruled the protest, and the appellants now submit the question to this court upon appeal.

Section 2926 reads as follows:

SEC. 2926. All merchandise, of which incomplete entry has been made, or an entry without the specification of particulars, either for want of the original invoice, or for any other cause, or which has received damage during the voyage, shall be conveyed to some warehouse or storehouse, to be designated by the collector, in the parcels or packages containing the same, there to remain with due and reasonable care, at the expense and risk of the owner or consignee, under the care of some proper officer, until the particulars, cost, or value, as the case may require, shall have been ascertained either by the exhibition of the original invoice thereof, or by appraisement, at the option of the owner, importer, or consignee; and until the duties thereon shall have been paid, or secured to be paid, and a permit granted by the collector for the delivery thereof.

In the present case the importers made due entry of the merchandise in all other particulars, but failed to produce to the collector an invoice of the importation. Thereupon the merchandise, which consisted of a single case only, was conveyed for appraisement to the public stores building in the city of New York, which building was the property of the United States Government. Because of the

---

absence of an invoice the collector, on liquidation, charged a certain sum for cartage, labor, and storage, incident to the removal and custody of the importation. The charge for cartage represented an actual disbursement by the Government for the transportation of the merchandise to the public stores, but the charge for labor and storage represented no such immediate disbursement by the Government, because the labor was performed by the regular employees of the Government and the storage was had in the Government's own building. The charge for these latter items was made by the Government at the same rate as the charges of private bonded warehouses for similar services, and the rate conformed to a prepared schedule of such charges which had received the approval of the Secretary of the Treasury.

As has been stated, the contested charges were based upon section 2926, Revised Statutes, above copied, and were made upon the claim that the entry of the merchandise, for want of an invoice, was incomplete within the meaning of that section, and that therefore the removal and storage of the goods for appraisement should be at the expense of the owner, as provided in such case by the express terms of the section.

The appellants, on the other hand, present two objections to the foregoing claim. First, appellants say that the value of the importation was less than $100, and therefore no invoice at entry was necessary; and upon this assumption the entry was not incomplete, and section 2926 would not apply. And, second, appellants claim that even if the entry in question was incomplete for want of an invoice, nevertheless the Government in that event could lawfully recoup from the importers only such sum as was actually and specifically expended in the transportation and custody of the merchandise, and in this case that sum would include the charge for cartage only and not the charges for labor and storage.

In considering this issue it becomes necessary of course to review the legislation upon the subject, and this will first be stated as it stood just prior to the enactment of the administrative act of June 10, 1890.

Section 2785, Revised Statutes, provided that, within a given time after the report of the arriving vessel, the owner of imported merchandise shall make entry of the merchandise in writing with the collector, which entry shall contain certain prescribed particulars; and at the same time the owner shall produce to the collector the original invoices of the merchandise or other documents received in lieu thereof or concerning the same in the same state in which they were received, with the bills of lading for the same, which invoices shall be signed by the persons in the office of the collector who have compared and examined them.

Section 2789, Revised Statutes, provided.that whenever an entry of merchandise is imperfect, for want of invoices, bills of lading, or any other cause, the collector shall take the merchandise into his custody until the quantity, quality, or value thereof, as the case may require, can be ascertained.

Section 2853 *et seq.*, Revised Statutes, provided that all invoices of merchandise shall be made in triplicate, and prescribed the manner in which the same shall be executed and attested.

Section 2858, Revised Statutes, provided that whenever, from accident or other cause, it has become impracticable for the person desiring to make entry of any merchandise to_produce, at the time of making such entry, any invoice thereof, as hereinbefore required, it shall be lawful for the Secretary of the Treasury to authorize the entry of such merchandise upon such terms and in accordance with such general or special regulations as he may prescribe.

Section 2859, Revised Statutes, provided that whenever the value of the imported merchandise does not exceed $100 the collector may admit it to entry without the production of the triplicate invoice and without submitting the question to the Secretary of the Treasury, if he is satisfied that the neglect to produce such invoice was unintentional and that the importation was made in good faith, and without any purpose of defrauding or evading the revenue laws.

Section 2926, Revised Statutes, as appears from the copy first above set out, provided that all merchandise, of which incomplete entry has been made, or an entry without the specification of particulars, either for want of the original invoice, or for any other cause, shall be conveyed to some warehouse or storehouse, to be designated by the collector, there to remain with due and reasonable care, at the expense and risk of the owner or consignee, until the particulars, cost, or value, may be ascertained by the exhibition of the original invoice thereof, or by appraisement, at the option of the owner, and also until the dues thereon have been paid, and a permit granted by the collector for the delivery thereof.

If these provisions of the law stood alone it would seem very plain that an invoice must be produced at every entry, or that, in case of default thereof an exoneration must be had at the hands of the proper officer. But the appellants refer to section 4 of the administrative act of June 10, 1890, and claim that this section in effect abrogated any requirement contained in the foregoing sections for the production of an invoice at the entry of merchandise not exceeding $100 in value.

Section 4, just cited, provides that, except in case of personal effects accompanying the passenger, no importation of any merchandise exceeding $100 in dutiable value shall be admitted to entry without the production of a duly certified invoice thereof, as required

by law, or of an affidavit made by the owner, importer, or consignee before the collector or his deputy, showing why it is impracticable to produce such invoice; and no entry shall be made in the absence of a certified invoice, upon affidavit as aforesaid, unless such affidavit be accompanied by a statement in the form of an invoice, or otherwise, showing the actual cost of such merchandise, if purchased, or if obtained otherwise than by purchase the actual market value or wholesale price thereof at the time of exportation to the United States in the principal markets of the country from which the same has been imported; and no merchandise shall be admitted to entry under the provisions of this section unless the collector shall be satisfied that the failure to produce a duly certified invoice is due to causes beyond the control of the owner, consignee, or agent thereof. And when entry of merchandise exceeding $100 in value is made by a statement in the form of an invoice, the collector shall require a bond for the production of a duly certified invoice.

The appellants contend that the foregoing enactment requiring the production of an invoice at the entry of merchandise exceeding $100 in value, without mention of such a requirement in cases wherein the merchandise does not exceed $100 in value, should be construed as an implied repeal of the latter requirement.

This claim, however, does not seem to be well founded. Section 2789, first above cited, provided in terms that an invoice should be produced at entry in all cases regardless of the value of the importation. The authority, however, was vested in the Secretary of the Treasury by section 2858 to dispense with this requirement under certain circumstances. By section 2859, like authority was vested in the collector to dispense with the production of an invoice in cases wherein the value of the imported merchandise did not exceed $100. By the terms of section 4 of the administrative act, the authority of the collector in that behalf was extended so as to cover importations exceeding $100 in value, the statutory provision for pro forma invoices in such cases was elaborated, and provision was made also for a bond in such cases to be conditioned for the final production of a duly certified invoice. By the provision of section 4, therefore, the law relating to importations not exceeding $100 in value was not affected at all, but remained as it had been before that enactment. The authority of the collector in such cases was left undisturbed, but, as above stated, the collector was given authority to admit importations exceeding $100 in value without the immediate production of a certified invoice, but upon a pro forma invoice and a bond to secure the production of a certified invoice. This conclusion does not rest upon construction alone, for in section 29 of the administrative act Congress specifies the various sections of the statutes which were repealed by that act. Among the repealed

sections is 2859, for which in part administrative section 4 was substituted, as above explained. But on the other hand, section 2785, which provided for the production of an invoice in all cases, and section 2858, which empowered the collector to dispense with an invoice at his discretion in cases wherein the value of the importation did not exceed $100, were not repealed, but both remained in force concurrently with section 4 of the administrative act. It is plain, also, that all the provisions of the administrative act are predicated upon the entry of merchandise by invoice, and that all limitations upon that rule are affirmatively and specifically provided for in the act.

In the present case, therefore, an invoice was necessary to a complete entry, and inasmuch as no invoice was produced, the entry was incomplete, under the express terms of section 2926. It was therefore within the authority of the collector to cause the merchandise to be removed to some warehouse or storehouse, there to remain at the expense of the owner until due appraisement was made of the merchandise or the original invoice was produced, at the option of the owner.

In the case at bar the merchandise was accordingly removed to the public stores. The actual expense of cartage was thereupon charged against it, and also finally an additional charge equal to the approved charge for labor and storage made by private bonded warehouses in similar cases. The charge for cartage can hardly be questioned—it represented the actual disbursement of the Government for the removal of the merchandise. The charge for labor and storage, while not representing a separate expenditure made by the Government because of this individual importation, nevertheless represents part of the expense to which the Government was subjected in providing labor and storage for the class of cases to which this importation belonged. It is not contended that the amount of the charge is inequitable. It seems to be reasonable that the Government should recover from each importation its just proportion of the general expense incurred for labor and storage in cases wherein such expense could be recovered if separately incurred in behalf of the individual importation. The principle is the same as if the Government leased a storehouse for the storage of such importations and paid the rent thereof in a lump sum, and the fact that the stores building was at the same time used by the Government for other purposes should be taken into account in fixing the rates, but does not prevent a proper charge for the service rendered. The practice followed in this case has long had authority in the department, under an intended compliance with section 2926, and the fact that no legslation has been enacted to modify it is persuasive of its correctness.

In Kennedy v. Magone (158 U. S., 212), being a case which arose prior to the act of June 10, 1890, the Supreme Court passed upon a

protest which, in some points, bears a substantial resemblance to that at bar. The merchandise involved in that case was not invoiced and was also unclaimed. It was therefore sent to a general-order warehouse, where it remained for some months. The consignees thereupon applied to enter the same and the merchandise was then sent, by the collector's directions, from the general-order warehouse to the public store, adjoining the appraiser's office. Here the merchandise remained for more than two days, when it was finally passed and delivered. The importers paid all the charges of hauling the goods to the general-order warehouse and for storage, etc., while there. But on liquidation the collector imposed an additional charge for the cartage of the merchandise to the public stores and for labor and storage therein. The importers paid the charge under protest, and the question was finally submitted to the Supreme Court. The court held the entry to be incomplete, for want of invoice, and sustained the charges for cartage, labor, and storage at the public stores. In part, the court said:

The argument is that, as the goods were under the value of $100, and could therefore be entered upon proper showing without an invoice, they should not have been sent to the public store, and thereby subjected to a greater charge than would have been imposed on goods which were regularly invoiced. But this contention overlooks the fact that invoice is the rule and admission without invoice the exception. The statute allowing the collector to admit without invoice imposes not an absolute, but a discretionary, duty upon him, for it says that he may do so "if he is satisfied that the neglect to produce such invoice was unintentional, and that the importation was made in good faith and without any purpose of defrauding or evading the revenue laws." It was of course competent for the collector on application for entry of uninvoiced goods to direct that they should be transferred from the general-order warehouse to the public store, to be there submitted to such detention and examination as was reasonable to enable him to discharge this duty.

It is contended by appellants that this conclusion results in an incongruity in a case like the present one, wherein the importation consists of only a single case of merchandise; that section 2901 requires that such a single case of goods, even if invoiced, shall be sent to the public stores for examination, and where there is an invoice this is done without charge to the importers; that as a result of these several rules of procedure a single case of goods composing an entire importation would be sent to the public stores whether with or without invoice, and in one contingency the expense would be charged to the importer but not in the other, although in both contingencies the merchandise would undergo the same treatment.

This criticism, however, is not substantial, because of the fact that an invoice aids in the examination and appraisement of the merchandise at the public stores, whether the importation consists of one or of many cases of merchandise, and the service rendered at the public stores for merchandise entered without invoice is a different service from that rendered in the case of merchandise with invoice.

It may be noted that at the trial before the board it was conceded by counsel for the importers that the entry made in this case was incomplete because it was without invoice. It was also conceded by appellants that the charge for cartage was correct, inasmuch as the amount thereof had been actually paid by the Government for that service. However, in the brief of appellants in this court both of those propositions are contested, and the foregoing decision of the court undertakes to consider appellants' present contentions without regard to the former admissions. See Arbuckle Bros. *v.* United States (3 Ct. Cust. Appls., 105; T. D. 32362).

It may furthermore be noted that the "packed-package" decision, United States *v.* American Express Company (154 Fed. Rep., 996), while an apt citation for the purposes of illustration only, does not touch upon the principles involved in the present case; therefore that case is not elsewhere mentioned in the present decision.

The charges is question are therefore held by the court to be lawful charges, and the decision of the board sustaining the ruling of the collector in that behalf is *affirmed.*