**No. 60205.**—J. M. Altieri *v.* United States, protest 217157–K (San Juan, P. R.).

DONLON, Judge: Plaintiff, a customhouse broker, petitions for the refund of $229.68 paid to the collector of customs at San Juan, P. R., as storage charges on merchandise returned to customs custody for drawback under section 313 (c) of the Tariff Act of 1930, as amended by the Customs Simplification Act of 1953, T. D. 53318. Section 313 (c), as so amended, reads as follows:

> (c) Upon the exportation of merchandise not conforming to sample or specifications or shipped without the consent of the consignee upon which the duties have been paid and which have been entered or withdrawn for consumption and, within ninety days after release from customs custody, unless the Secretary authorizes in writing a longer time, returned to customs custody for exportation, the full amount of the duties paid upon such merchandise shall be refunded as drawback, less 1 per centum of such duties.

The collector treated plaintiff's application as a protest and filed it with the court, but without the entry papers. There is official correspondence with the protest, and this contains certain information. It appears that drawback entry No. 3 was filed with the collector on March 11, 1954, pursuant to section 313 (c). The merchandise covered by this drawback entry, 39 cases of aluminum alloy coiled strip, was returned to customs custody at the appraiser's stores, customs warehouse, on March 31 and April 5, 1954. On May 28, 1954, the drawback entry was approved and notice sent to the plaintiff to export the merchandise within 90 days of said approval. The merchandise was released from customs custody on August 12, 1954, for export, well within the 90-day period.

It is not clear from the record the period for which the storage charge of $229.68 was assessed and paid. The protest indicates the storage charge assessed was for

the entire period that the merchandise remained in customs custody pending export. The opening statement of defendant's counsel on trial relates the charge to a period in excess of the 90 days permitted to export. This is not accurate since, as above noted, the date of release was well within the 90-day period permitted. There is, however, no dispute as to the rate and amount of charge, so that this omission in the record is not material to our decision.

On trial, plaintiff, Mr. Jesus M. Altieri, testified. His testimony complains that the collector failed to notify him that storage charges would accrue on merchandise returned to appraiser's stores pursuant to section 313 (c) while it remained in customs custody. It appears also that exportation of the merchandise was held up because of a longshore strike that tied up the port of San Juan for several weeks.

The privilege of drawback is "subject to compliance with such rules and regulations as the Secretary of the Treasury shall prescribe, which may include, but need not be limited to, the fixing of a time limit within which drawback entries or entries for refund under any of the provisions of this section or section 309 (b) of this Act shall be filed and completed, and the designation of the person to whom any refund or payment of drawback shall be made." Section 313 (i) of the Tariff Act of 1930, as amended by the Customs Simplification Act of 1953, T. D. 53318.

Sections 22.31 to 22.35, inclusive, of the customs regulations, with reference to section 313 (c) prescribe conditions under which the drawback privilege is to be exercised. Section 22.34 is as follows:

*22.34 Acceptance of merchandise at importer's risk and expense; time limit for exportation.*—Merchandise returned to customs custody under section 313 (c), Tariff Act of 1930, as amended, *shall be accepted only at the risk and expense of the party in interest.* If the merchandise is not exported within 90 days from the date of notification of approval of the drawback entry, it shall be treated as unclaimed, except that the 90-day period may be extended for not more than 90 days by the collector upon written request by the original applicant. [Emphasis supplied.]

A reasonable departmental regulation, prescribed pursuant to law and duly promulgated, has the force and effect of law. *Gallagher & Ascher* v. *United States*, 14 Ct. Cust. Appls. 38, T. D. 41548. The charges were duly assessed.

There is suggestion, in the testimony, that plaintiff may have thought himself aggrieved because this was, apparently, the first instance of storage charges being collected at San Juan under section 313 (c) on merchandise returned and stored in a customs warehouse. Plaintiff's rights, however, rest in the statute. No right accrues to this plaintiff by reason of any prior failure to observe the statute and regulations, if such be the case.

The storage charges paid cause no inequity. Such charges would probably not have been questioned if the merchandise had been returned to customs custody and stored in a private bonded warehouse, instead of in the appraiser's stores. Yet, in law, there is no distinction, as our appeals court pointed out in *Davies, Turner & Co.* v. *United States*, 3 Ct. Cust. Appls. 450, T. D. 33036.

* * * It seems to be reasonable that the Government should recover from each importation its just proportion of the general expense incurred for labor and storage in cases wherein such expense could be recovered if separately incurred in behalf of the individual importation. * * * (P. 454.)

The protest is overruled. Judgment will be rendered for the defendant.